1    BLAKE R. BERTAGNA (SB# 273069)
     blakebertagna@paulhastings.com
2    PAUL HASTINGS LLP
     695 Town Center Drive, Seventeenth Floor
3    Costa Mesa, California 92626-1924
     Telephone: (714) 668-6200
4    Facsimile: (714) 979-1921

5    Attorneys for Defendant
     COMMUNITY TREE SERVICE, LLC
6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11    IGNACIO RIOS, as an individual and on      CASE NO. 5:24-cv-08243
     behalf of all others similarly situated,
12                                 **NOTICE OF REMOVAL OF CIVIL**
             Plaintiff,             **ACTION TO FEDERAL COURT**
13                                 **UNDER 28 U.S.C. §§ 1331,1441, 1446,**
           v.                      **AND 1453**
14
     COMMUNITY TREE SERVICE, LLC, a    Monterey County Superior Court
15    California limited liability company; and    Case No. 24CV003969
     DOES 1 through 100, inclusive,
16                                 Complaint filed:     September 23, 2024
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE THAT defendant Community Tree Service, LLC ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Monterey to the United States District Court for the Northern District of California. Defendant removes this action based upon federal question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441.  This is a civil suit over which the United States District Court has original jurisdiction.

**I.    PLEADINGS, PROCESS, AND ORDERS**

1.    On September 23, 2024, plaintiff Ignacio Rios ("Plaintiff"), a current non-exempt employee of Defendant, filed an unverified proposed class action complaint in the Superior Court of the State of California for the County of Monterey ("State Court"), entitled: "*Ignacio Rios, as an individual and on behalf of all others similarly situated, Plaintiff v. Community Tree Service, LLC, a California limited liability company; and DOES 1 through 100, inclusive, Defendants*," designated as Case No. 24CV003969 (the "Complaint").  A true and correct copy of the Summons and Complaint are attached hereto as Exhibit "A."

2.    The Complaint pleads the following seven purported causes of action against Defendant: (1) Failure to Pay All Minimum Wages Owed (Cal. Lab. Code  §§ 1194, 1194.2, and 1197); (2) Failure to Pay all Overtime Wages Owed (Labor Code §§ 204, 510, 558, 1194, and 1198); (3) Failure to Provide Meal Periods (Labor Code §§ 226.7, 512, and 558); (4) Failure to Authorize and Permit Rest Periods (Labor Code §§ 226.7, 516); (5) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code §226 *et seq*.); (6) Failure to Indemnify All Necessary Business Expenses (Labor Code § 2802); and (7) Unfair Competition (Bus. & Prof. Code § 17200 *et seq*.).  Plaintiff pleads the aforementioned causes of action on

NOTICE OF REMOVAL OF CIVIL ACTION

behalf of himself and putative classes of groups and subgroups of Defendant's non-exempt employees.  *See* Ex. A.

3.    On September 24, 2024, the Court issued a Notice of Assignment and Case Management Conference, and on September 26, 2024, Plaintiff filed a Notice of Posting Jury Fees (collectively, "Notices").  *See* Declaration of Blake Bertagna ("Bertagna Decl.") ¶ 3, attached hereto as Exhibit "B," and Exhibit "2" attached thereto.

4.    The Summons, Complaint, and Notices constitute all process, pleadings, and orders served on or by Defendant in this action.

## II.    FEDERAL QUESTION JURISDICTION -- LABOR MANAGEMENT RELATIONS ACT, SECTION 301 (29 U.S.C. § 185 *ET SEQ.*)

5.    A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331.

6.    Under Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301"), the district courts of the United States have original jurisdiction over any action brought for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).

7.    To ensure the uniform interpretation of collective bargaining agreements, federal common law preempts the use of state contract law in interpretation and enforcement of collective bargaining agreements.  *See Lingle v. Norge Div. of Magic Chef Inc*., 486 U.S. 399, 403-04, 411 (1988).  As a result, all state-law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section

NOTICE OF REMOVAL OF CIVIL ACTION

301.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.") (citations omitted); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement").

        8.        Accordingly, Section 301 has been held to preempt California state-law claims that are substantially dependent upon interpretation of a collective bargaining agreement. *See Firestone v. Southern Cal. Gas Co*., 219 F.3d 1063, 1066-67 (9th Cir. 2000).  Section 301 provides that this is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state-law causes of action.  *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA").  Thus, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law."  *Curtis v. Irwin Indus., Inc*., 913 F.3d 1146, 1151-52 (9th Cir. 2019) (citation and internal quotation marks omitted).  "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law."  *Id.* at 1152; *Franco v. E-3 Sys*., No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending federal question jurisdiction to plaintiff's California PAGA claim); *Landy v. Pettigrew Crewing, Inc*., No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (finding LMRA preemption regarding plaintiff's California Labor Code section 204 claim and exercising supplemental jurisdiction over plaintiff's other wage and hour claims because they arose from a common nucleus of facts).

NOTICE OF REMOVAL OF CIVIL ACTION

**A.    The Terms And Conditions Of Plaintiff's Employment Were Governed By A Collective Bargaining Agreement.**

9.    Plaintiff has been employed by Defendant as a Journeyman between May 2023 and the present.  *See* Ex. A, Complaint ¶ 9; Declaration of Jackie Burge ("Burge Decl.") ¶ 3, attached hereto as Exhibit "C."

10.    At all times relevant to this action, Defendant has been an employer employing employees across the country in the construction industry, an industry affecting interstate commerce, as defined by the LMRA, 29 U.S.C. § 141, *et seq.  See* Burge Decl. ¶ 2.

11.    At all times relevant to this action during which Plaintiff has been employed by Defendant, he has been represented by the International Brotherhood of Electrical Workers, AFL-CIO (the "Union") and employed pursuant to a collective bargaining agreement. Burge Decl. ¶ 4.  The Union is a labor organization representing employees in an industry affecting commerce as defined in the LMRA, 29 U.S.C. § 141, *et seq.*  True and correct copies of the collective bargaining agreements that governed the terms and conditions of Plaintiff's employment by Defendant are attached as Exhibits "1" and "2" to the Burge Declaration, which are collectively referred to as the "CBAs."

12.    The CBAs state that the Union is the exclusive representative for the covered employees for the purposes of collective bargaining their wages, hours of employment, and working conditions.  *See* Burge Decl. ¶ 4, Ex. 1 at p. 1.

**B.    Plaintiff's Claims Are Preempted By The LMRA Because They Exist As A Result Of The CBAs And Are Substantially Dependent Upon Interpretation Of The CBAs.**

13.    Plaintiff fails to disclose in his Complaint that he has been a member of, and has been represented in his employment with Defendant by, the Union, and that the terms and conditions of his employment with Defendant have been and are governed by the CBAs.

NOTICE OF REMOVAL OF CIVIL ACTION

However, a plaintiff may not be permitted to "artfully plead" to conceal the true nature of his complaint. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state-law claim was preempted even though the operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Plaintiff has not made specific reference to Section 301 or the CBAs in his Complaint does not preclude removal. *See Stallcop v. Kaiser Found. Hosps.*, 820 F .2d 1044, 1048 (9th Cir. 1987) ("Stallcop's complaint does not reveal that her employment is governed by a collective bargaining agreement, but this is not dispositive . . . . [I]f the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted."). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

14.    An artfully pled state-law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement. . . . In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law."), *overruled on other grounds by Allis-Chalmers*, 471 U.S. 202 (1985).

15.    To determine whether a claim alleging violations of state law is preempted by Section 301, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the Court must ask "whether the asserted cause of action involves a 'right [that] exists solely as a

NOTICE OF REMOVAL OF CIVIL ACTION

result of the CBA.'" *Id.*  Under this test, a claim is preempted if it seeks "purely to vindicate a

right or duty created by the CBA itself."  *Id.* (internal quotation marks omitted).  If so, "the claim

is preempted, and [the] analysis ends there."  *Id.* (internal quotation marks omitted).  If not, courts

consider "whether a plaintiff's state-law right is substantially dependent on analysis of [the

CBA]."  *Id.* at 1153.  If claims are dependent on interpretation of the CBA, then the claim is

preempted by Section 301.  *See id.*  Accordingly, Section 301 wholly preempts any and all

purported state-law causes of action by an employee concerning a dispute over his terms and

conditions of employment, if the causes of action are "based directly on rights created by a

collective bargaining agreement" or require the "interpretation of a collective bargaining

agreement."  *See, e.g.*, *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir.

2000).

16.  Plaintiff's allegations that Defendant violated the California Labor Code

involve a "right [that] exists solely as a result of the CBA[s]," *Curtis*, 913 F.3d at 1154, and/or are

"inextricably intertwined with consideration of the terms of the labor contract[s]," *Allis-*

*Chambers*, 471 U.S. at 213, because the CBAs govern the wages, meal and rest periods, and

reimbursement of expenses applicable to Plaintiff during his employment with Defendant.  *See*

Burge Decl. ¶ 4, Ex. 1 at pp. 3-6.  The CBAs also provide for a grievance process and require

binding arbitration to resolve any disputes arising under the CBAs.  *See* Burge Decl. ¶ 4, Ex. 1 at

pp. 15-16.  Resolution of Plaintiff's claims will require this Court to interpret, at a minimum, all

of these provisions.  Therefore, Plaintiff's claims cannot be adjudicated without interpretation of

numerous CBA provisions that govern the employment of Plaintiff and the other members of the

putative class and group of alleged aggrieved employees he seeks to represent.

17.  Plaintiff's first cause of action for failure to pay minimum wages is

preempted by Section 301 of the LMRA because the claim substantially depends on an analysis

of the CBAs.  Plaintiff claims that Defendant failed to pay minimum wages for time worked

outside of his regularly scheduled shifts (7:00 a.m. – 3:30 p.m.) and during meal periods.  *See* Ex

A, Complaint ¶¶ 10-11.  The CBAs address scheduled hours, meal periods, and compensation for

work performed by covered employees like Plaintiff, including provisions for show-up and

emergency pay.  *See* Burge Decl. ¶ 4, Ex. 1 and 2 (Articles III and VIII).  Accordingly, resolution

of this claim requires an interpretation of the CBAs' terms. *See Rodriguez v. Gonsalves &*

*Santucci, Inc*., No. 21-cv-07874-LB, 2022 WL 161892, at *5 (N.D. Cal. Jan. 18, 2022) (finding

plaintiff's claim for unpaid minimum wages substantially depended on an analysis of the CBA's

terms, including "actual hours worked" and "show up expenses" and was thus preempted by the

LMRA).

        18.     Plaintiff's second cause of action for failure to pay overtime wages alleges

that during the class period, Defendant failed to pay Plaintiff and the putative class overtime

pursuant to Labor Code section 510.  *See* Ex. A, Complaint ¶¶ 11, 31-34.  The LMRA preempts

Plaintiff's second cause of action.  Specifically, Labor Code section 514 provides that section

510's overtime requirements "do not apply to an employee covered by a valid collective

bargaining agreement if the agreement expressly provides for the wages, hours of work, and

working conditions of the employees, and if the agreement provides premium wage rates for all

overtime hours worked and a regular hourly rate of pay for those employees of not less than 30

percent more than the state minimum wage."  Cal. Lab. Code § 514.  An analysis of the

applicable CBAs demonstrate that section 514 applies.  *See* Burge Decl. ¶¶ 4, 6, Exs. 1 and 2.

Plaintiff's second cause of action is therefore preempted under the LMRA.  *See Curtis*, 913 F.3d

at 1154-1155 (holding that when an employee is employed under a CBA which meets the

requirements of § 514, their right to overtime "exists solely as a result of the CBA" and is

therefore preempted by the LMRA); *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024,

1032 (9th Cor. 2016); *Parker v. Cherne Contracting Corp*., No. 18-CV-01912-HSG, 2019 WL

359989 at *5 (N.D. Cal. January 29, 2019); *Olea v. Teichert Pipelines*, No. 2:21-CV-01675-

RGK-PD, 2021 WL 1839683 at * 7 (C.D. Cal. May 7, 2021).

NOTICE OF REMOVAL OF CIVIL ACTION

19.    Plaintiff's third cause of action for failure to provide meal periods alleges that during the class period, Defendant failed to provide Plaintiff and the putative class with the opportunity to take timely meal periods prior to the completion of their fifth hour of work, and failed to provide Plaintiff and the putative class with a second meal period when they worked shifts of ten or more hours, in violation of Labor Code section 512.  *See* Ex. A, Complaint ¶¶ 12-13, 35-37.  Sections 512(e) and 512(f)(1) and (g)(2) of the California Labor Code provide that the statutory meal period requirements of subdivisions (a) and (b) of the statute do not apply to employes, such as Plaintiff, who are employed in a "construction occupation" if both of the following conditions are satisfied:

> (1) The employee is covered by a valid collective bargaining agreement.

> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Lab. Code § 512.  Plaintiff was employed by Defendant under the terms of a collective bargaining agreement that contains provisions for meal periods (in Article III), and for a system of resolving employee disputes over the alleged violations of those provisions (as reflected in Article XV).  *See* Burge Decl., Exs. 1 and 2.  The CBAs also contain additional provisions commonly found in collective bargaining agreements between employers and labor organizations, such as seniority, vacation, and wage rates (in Articles VI, VIII and XII).  *See* Burge Decl., Exs. 1 and 2.  Plaintiff's meal period claim therefore substantially depends on an analysis of the CBAs and interpretation of its terms, and is preempted by the LMRA on that basis.  *See Rodriguez v. Gonsalves & Santucci, Inc*., No. 21-CV-07874-LB, 2022 WL 161892 at * 4 (N.D. Cal. Jan. 18, 2022) ("[T]he plaintiff's right to meal breaks . . . is conferred by the CBA because the CBA satisfies the statutory exemption to meal periods under Cal. Labor Code § 512(e).").  Since

NOTICE OF REMOVAL OF CIVIL ACTION

1    section 512(a) does not apply, Plaintiff's claimed right to meal periods cannot be said to be based

2    on state law.  *See Coria v. Recology, Inc*., 63 F. Supp. 3d 1093, 1098-1100 (N.D. Cal. 2014).

3

4            20.     Plaintiff's fourth cause of action for failure to provide rest periods alleges

5    that during the class period, Defendant had a common policy and practice of systematically

6    denying Plaintiff and the putative class with the opportunity to take 10-minute rest periods in

7    compliance with California law.  *See* Ex. A, Complaint ¶¶ 14-15, 38-41.  The wage order

8    provisions governing rest breaks in the construction industry provide that rest periods "[do] not

9    apply to any employee covered by a valid collective bargaining agreement [that provides for]

10   equivalent protection."  *See* Wage Order 16-2001, Cal. Code Regs. tit. 8, § 11160(11)(E); *Zayerz*

11   *v. Kiewit Infrastructure West*, No. 16-CV-6405-PSG (PJW), 2018 WL 582318, at *4 (C.D. Cal.

12   Jan. 18, 2018).  Plaintiff was employed by Defendant according to the terms of a collective

13   bargaining agreement that contains provisions for rest breaks (in Article III), and for a system of

14   resolving employee disputes over the alleged violations of those provisions (as reflected in Article

15   XV).  Burge Decl. ¶ 4, Exs. 1 and 2.  The CBAs also contain additional provisions commonly

16   found in collective bargaining agreements between employers and labor organizations, such as

17   seniority, vacation, and wage rates (in Articles VI, VIII and XII).  Burge Decl., Exs. 1 and 2.

18   Plaintiff's right to rest periods is covered solely by the CBAs.  *See Marquez v. Toll Glob.*

19   *Forwarding (USA) Inc*., No. 218CV03054ODWASX, 2018 WL 3218102 at *3-4 (C.D. Cal June

20   28, 2018), *aff'd sub nom. Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679 (9th Cir. 2020).

21   Plaintiff's rest break claim therefore substantially depends on an analysis of the CBAs and

22   interpretation of its terms, and is preempted by the LMRA on that basis.  *See Rodriguez*, 2022

23   WL 161892 at * 3.

24

25           21.     Plaintiff's sixth cause of action for failure to indemnify him for business

26   expenses is based, in part, on Defendant's alleged failure to reimburse Plaintiff and the alleged

27   class members for the cost of use of their personal vehicle for work.  *See* Ex. A, Complaint ¶¶ 16,

28   46-49.  The CBAs, at Article V, impose an affirmative obligation on the Defendant to reimburse

NOTICE OF REMOVAL OF CIVIL ACTION

employees for use of their personal vehicle when requested to do so by the Company, as well as a grievance procedure (in Article XV) providing for final and binding arbitration of any disputes concerning the alleged violation of any provision of the CBAs.  *See* Burge Decl., Exs. 1 and 2. Plaintiff's expense reimbursement claim therefore substantially depends on an analysis of the CBAs and interpretation of its terms, and is preempted by the LMRA on that basis.  *See Rodriguez*, 2022 WL 161892 at * 5.

C.    <u>Plaintiff's Remaining Claims Are Also Removable.</u>

22.    This Court has jurisdiction over Plaintiff's other, derivative state-law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. section 1367(a), as they are so related to the preempted federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution.  Plaintiff's fifth cause of action for failure to provide accurate written wage statements is also preempted under the LMRA because it is derivative of his other pre-empted claims.  *See* Ex. A, Complaint ¶¶ 17, 42-45; *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1204 (C.D. Cal. 2015) (holding that wage statement claim was derivative of plaintiff's other preempted claims and therefore required "interpretation of the CBA").  Finally, the LMRA also preempts Plaintiff's seventh cause of action for unfair competition in alleged violation of California Business and Professions Code section 17200 because it is derivative of Plaintiff's other claims.  *See* Ex. A, Complaint ¶¶ 50-55; *Hall*, 146 F. Supp. 3d at 1203; *Zayerz*, 2018 WL 582318, at *5.

23.    Because this Court has jurisdiction over Plaintiff's preempted claims, it has supplemental jurisdiction over any non-preempted state-law claims.  Such claims arise from the same working conditions and employment relationship with Defendant during the same period as Plaintiff's unpaid overtime and meal and rest break claims, and therefore derive from a "common nucleus of operative fact" sufficient to assert supplemental jurisdiction over them.  *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 859, 855 (9th Cir. 2004) (supplemental jurisdiction applies to state law

claims derived from "a common nucleus of operative fact" and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding") (internal quotation marks omitted); *Diaz v. Sun-Maid Growers of California*, No. 119CV00149LJOSKO, 2019 WL 1785660, at * 8 (E.D. Cal. April 24, 2019) (supplemental jurisdiction found to exist over claims related to the Defendant which were "grounded [on] Plaintiff's wages, hours and working conditions during the same period of time" applicable to the preempted claims); *Van Bebber v. Dignity Health*, No. 119CV00264DADEPG, 2019 WL 4127204, at * 9 (E.D. Cal. Aug. 30, 2019) (supplemental jurisdiction existed over claims arising out of the same employment relationship that gave rise to the plaintiff's preempted overtime claim).

24.     Moreover, considerations of judicial economy, convenience, and fairness to the litigants require that all of the alleged causes of action as to which Plaintiff seeks class certification be tried in one forum.  *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.").  The Ninth Circuit has held that "a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with [preempted claims]."  *Brown v. Brotman Med. Ctr., Inc*., 571 Fed. App'x 572, 576 (9th Cir. 2014).

25.     Accordingly, this Court has federal question jurisdiction over the entire action, and removal is proper.

III.   **TIMELINESS**

26.     On October 22, 2024, the Summons and Complaint were served on Defendant.  *See* Bertagna Decl. ¶ 2 and Exhibit "1" attached thereto.  The Complaint is the initial and only pleading served on Defendant setting forth the claims for relief against Defendant upon

which this action may be removed.  *Id.*  Therefore, this notice of removal is being timely filed pursuant to 28 U.S.C. section 1446(b).

**IV.    VENUE**

27.    Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because the superior court where the removed case was pending is located within this district.

28.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that by written notice a copy of this notice of removal and all supporting papers was promptly served on Plaintiff and filed with the clerk of the Monterey County Superior Court. True and correct copies of the form of said notices are attached hereto as Exhibits "D" and "E," respectively.  Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

WHEREFORE, Defendant removes the above-entitled action from the Superior Court of the State of California for the County of Monterey to this Court.

DATED:  November 21, 2024                PAUL HASTINGS LLP

By: _____
        BLAKE R. BERTAGNA

Attorneys for Defendant
COMMUNITY TREE SERVICE, LLC

LEGAL_US_E # 183001392.2