**LIDMAN LAW, APC**
Scott M. Lidman (SBN 199433)
slidman@lidmanlaw.com
Milan Moore (SBN 308095)
mmoore@lidmanlaw.com
Tiara Gose-Hardy (SBN 323823)
tgose@lidmanlaw.com
2155 Campus Drive, Suite 150
El Segundo, California 90245
Tel: (424) 322-4772
Fax: (424) 322-4775

Attorneys for Plaintiff
IGNACIO RIOS

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff
IGNACIO RIOS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO RIOS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY TREE SERVICE, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-08243-VKD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT:**<br><br>(1) **FAILURE TO PAY ALL MINIMUM WAGES OWED (LABOR CODE §§ 1194, 1194.2, 1197);**<br><br>(2) **FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS (LABOR CODE § 226 *et seq.*); and**<br><br>(3) **UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*)**<br><br>Complaint filed:  September 23, 2024<br>Removal:  November 21, 2024<br>Trial date:  None Set |

1

FIRST AMENDED CLASS ACTION COMPLAINT
U.S.D.C., N.D. CAL., NO. 5:24-CV-08243-VKD

Plaintiff Ignacio Rios ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this First Amended Class Action Complaint (FAC") against Community Tree Service, LLC a California limited liability company, and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this FAC for recovery of unpaid wages and penalties under California Business and Professions Code § 17200 *et. seq*., Labor Code §§ 1194, 1194.2, 1197 and Industrial Welfare Commission Wage Order 5 (the "Wage Order 5"), in addition to seeking declaratory relief and restitution. This FAC is brought pursuant to California Code of Civil Procedure § 382. Plaintiff filed the original complaint in Monterey County Superior Court on September 23, 2024. On November 21, 2024, Defendant filed a Notice of Removal of this Civil Action to Federal Court under the Class Action Fairness Act of 2005 and traditional diversity jurisdiction, asserting jurisdiction and venue is proper in this District pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## VENUE

2. Venue is proper in this judicial district pursuant to Cal. Code of Civ. Proc. §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Monterey. Defendants own, maintain offices, transact business, have agent(s) within the County of Monterey, and/or otherwise are found within the County of Monterey, and Defendants are within the jurisdiction of this Court for purposes of service of process. Plaintiff filed the original complaint in Monterey County Superior Court on September 23, 2024. On November 21, 2024, Defendant filed a Notice of Removal of this Civil Action to Federal Court under the Class Action Fairness Act of 2005 and traditional diversity jurisdiction, asserting jurisdiction and venue is proper in this District pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

/ /

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was a California resident. During the four years immediately preceding the filing of the lawsuit in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by Labor Code §§ 226 *et seq.*1194, 1194.2, 1197,California Business and Professions Code § 17200 *et seq.* ("Unfair Competition Law" or "UCL"); and Wage Order 5, which sets employment standards for the public housekeeping industry, which includes the industry in which Plaintiff worked for Defendants.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the lawsuit and continuing to the present, Defendants did (and continue to do) business as a tree service company. Defendants employed Plaintiff and other, similarly-situated non-exempt employees within Monterey County and the state of California and, therefore, were (and are) doing business in Monterey County and the State of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this FAC when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 18) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff, a current non-exempt employee, has been employed by Defendants since about May 2023. During his employment with Defendants, Plaintiff has held the job title of Journeyman Tree Climber. His duties include, without limitation, cutting and trimming trees and tree removal.

10. During his employment with Defendants, Plaintiff was generally scheduled to work Monday through Friday from 7:00 a.m. to at least 3:30 p.m. Defendants required Plaintiff to clock in and out each day by using an application on his personal cell phone. Plaintiff frequently worked shifts that exceeded 8 hours in length.

11. During his employment with Defendants, Plaintiff was not paid for all hours worked. Defendants would keep track of Plaintiff's time worked and would unlawfully shave Plaintiff's work time and/or round Plaintiff's work time such that Plaintiff would not be fully paid for all time worked. Plaintiff was not required to clock out for lunch and often, Defendants required Plaintiff to clock out once he worked 8 hours even though he continued to work. This time-shaving and/or rounding practice utilized by Defendants was not even-handed over time and would almost exclusively round and shave in Defendants' favor such that Plaintiff was routinely unpaid for his time worked. As a result, Defendants failed to pay Plaintiff all required minimum.

12. As a result of Defendants' failure to pay all minimum wages, , Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff. Furthermore, Defendants issued non-compliant wage statements to Plaintiff and other non-exempt employees by failing to include all information required by California law, including, but not limited to, total hours worked by the employee and gross wages earned.

## CLASS ACTION ALLEGATIONS

13. **Class Definitions**: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

   a. The Minimum Wage Class: consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping policies/practices, during the four years preceding the filing of the lawsuit through the present;

   b. The Wage Statement Class consists of all members of the: Minimum Wage Class; and/or all of Defendants' current and former employees who received a wage statement from Defendants during the one year immediately preceding the filing of the lawsuit through the present;

   c. The UCL Class consists of members of (i) Minimum Wage Class and (ii) Wage Statement Class during the four years immediately preceding the filing of the lawsuit through the present.

14. Plaintiff reserves the right to amend or modify the description of the various classes with greater specificity or further division into subclasses or limitation to particular issues.

15. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

//

16. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members. Those common questions include, without limitation:

    i.    Whether Defendants properly paid all minimum wages at the regular rate to members of the Minimum Wage Class pursuant to Labor Code §§ 1194, 1194.2, 1197,;

    ii.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226; and

    iii.    Whether Defendants engaged in unlawful, unfair, illegal, and/or deceptive business practices by and through the wage and hour policies and practices described above, and whether as a result Defendants owe the classes restitution.

17. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform minimum wage. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

18. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in this FAC. As alleged herein, Plaintiff, like the members of the Classes, was not provided all legally required minimum wages and was not provided accurate, itemized wage statements.

19. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of

the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

20. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 13 are maintainable as a Class under § 382 of the

Code of Civil Procedure.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL MINIMUM WAGES OWED

## (AGAINST ALL DEFENDANTS)

21. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

22. This cause of action is brought pursuant to Labor Code §§ 1194, 1194.2 and 1197which provide that all non-exempt employees are entitled to all minimum wages for all hours worked, and provide a private right of action for the failure to pay all minimum wage compensation for all work performed.

23. At all times relevant herein, Defendants were required to properly compensate Plaintiff and the members of the Minimum Wage Class for all hours worked pursuant to California Labor Code §§ 1194, 1194.2, and 1197, and the Wage Order 5. The Wage Order 5, Section 4 requires an employer to pay to every employee on the established payday for the period involved not less than the applicable minimum wage for all hours worked in the payroll period. Defendants caused Plaintiff and the members of the Minimum Wage Class to work hours in a workweek but did not properly compensate Plaintiff and the members of the Minimum Wage Class at least minimum wages for such hours.

24. At all times relevant herein, Defendants lacked good faith and had no reasonable grounds for believing that their practices in failing to pay all minimum wages owed at the applicable rate was not a violation of any provision of the Labor Code relating to minimum wage, or an order of the Industrial Welfare Commission. Defendants, therefore, in addition to owing minimum wages to Plaintiff and the members of the Minimum Wage Class, also owe liquidated damages in an amount equal to the wages unlawfully unpaid, and interest thereon, pursuant to Labor Code § 1194.2.

25. The foregoing practices and policies are unlawful and create entitlement to recovery by Plaintiff and the members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages owing, including interest thereon, as well as statutory penalties,

liquidated damages, civil penalties, and attorneys' fees and costs of suit, pursuant to Labor Code §§ 1194, 1194.2, 1197, the Wage Order 5, California Code of Civil Procedure § 1021.5, and Civil Code §§ 3287(b) and 3289.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS

## (AGAINST ALL DEFENDANTS)

26. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with complete and accurate wage statements with respect to their rates of pay, hours worked at each rate of pay, total gross wages earned, total net wages earned, in violation of Labor Code § 226 *et seq*.

28. Defendants' failures in furnishing Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all earned minimum, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

29. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq*., including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq*.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

30. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

31. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq*., by failing to pay all minimum wages owed and failing to furnish its employees with

complete and accurate wage statements.

32. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

33. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

34. The acts complained of herein occurred within the last four years immediately preceding the filing of the lawsuit in this action.

35. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as representative of the Classes;
3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;
4. Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§1194, 1194.2 and 1197;
5. Upon the Second Cause of Action, for statutory wage statement penalties pursuant to Labor Code § 226 *et seq.*;

6. Upon the Third Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

7. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

8. On all causes of action, for attorneys' fees and costs as provided by Labor Code § 218.5 and Code of Civil Procedure § 1021.5 and all other applicable statutes; and

9. For such other and further relief the Court may deem just and proper.

Dated: December 4, 2024

Respectfully submitted,
LIDMAN LAW, APC

By: _____
Scott M. Lidman
Milan Moore
Tiara Gose-Hardy
Attorneys for Plaintiff
IGNACIO RIOS

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: December 4, 2024

Respectfully submitted,
LIDMAN LAW, APC

By: _____
Scott M. Lidman
Milan Moore
Tiara Gose-Hardy
Attorneys for Plaintiff
IGNACIO RIOS

12
FIRST AMENDED CLASS ACTION COMPLAINT
U.S.D.C., N.D. CAL., NO. 5:24-CV-08243-VKD